UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO: 2:13-CV-00012-BR

| | | |
|---|---|---|
| ELIZABETH A. BRINKOFSKI, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| ALBEMARLE HOSPITAL, | ) | |
| REGINA O. BLACK, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss. (DE # 8.) Despite receiving an extension of time, (DE # 17), plaintiff has not filed a response to the motion.

On 3 March 2013, plaintiff, proceeding *pro se*, initiated this action, asserting claims identified as ones for negligence, breach of standard of care, and battery, all arising out of the medical treatment of Dr. Elizabeth Dodd at defendant Albemarle Hospital. (Compl., DE # 1, at 2-3.) Dr. Dodd died at the hospital on 12 March 2011. (Id. at 2.) Defendants have moved to dismiss the action in its entirety on various grounds. The court agrees with defendants that the complaint and its service on them suffer from a number of deficiencies which warrant dismissal.

First, plaintiff failed to serve a summons on each defendant with a copy of complaint. (Mem., Baker Aff., DE # 9-1; id., Black Aff., DE # 9-2.) Federal Rule of Civil Procedure 4(c)(1) provides that the plaintiff is responsible for serving a summons with a copy of the complaint within the appropriate time under Rule 4(m). Absent a defendant's waiver of service or consent to personal jurisdiction, "the failure to properly serve the summons with the complaint is fatal." Pitts v. O'Geary, 914 F. Supp. 2d 729, 733 (E.D.N.C. 2012) (citing Fed. R. Civ. P. 4(c)(1);

Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999)).

Second, plaintiff has not shown that she has the capacity to bring this action. None of the claims plaintiff asserts are individual to her, but rather, they are based on the wrongful death of Dr. Dodd. "In North Carolina, a wrongful death action for damages may be brought only by the personal representative or collector of the decedent. A wrongful death action must be brought within two years of the death of the decedent, and the plaintiff bears the burden of showing that [s]he has the capacity to bring suit." Daniels v. National R.R. Passenger Corp., No. 5:11-CV-290-BO, 2011 WL 5870056, at *1 (E.D.N.C. Nov. 22, 2011) (citing N.C. Gen. Stat. § 28A–18–2(a); Westinghouse v. Hair, 418 S.E.2d 532, 533 (N.C. Ct. App. 1992)). The complaint contains no allegation of the relationship between plaintiff and Dr. Dodd to show the capacity in which plaintiff brings her claims. As such, she lacks standing to pursue the action in this court, and the action must be dismissed. See id. at *2.

Finally, the complaint does not show compliance with North Carolina Rule of Civil Procedure 9(j). That rule states in pertinent part that:

> Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2)a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
> (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> (2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the

2

> Rules of Evidence and who is willing to testify that the medical
> care did not comply with the applicable standard of care, and the
> motion is filed with the complaint; or
> (3) The pleading alleges facts establishing negligence under the existing
> common-law doctrine of res ipsa loquitur.
> . . . .

N.C. R. Civ. P. 9(j).  "Failure to comply with [this rule] is ground for dismissal of a state medical-malpractice claim filed in federal court."  Williams v. Haigwood, No. 5:08-CT-3138-BO, 2012 WL 4483883, at *7 (E.D.N.C. Sept. 27, 2012) (citations omitted)).

Plaintiff's claims for negligence and breach of standard of care (assuming such a claim exists independent of the negligence claim) are for medical malpractice, and thus, the complaint is subject to Rule 9(j)'s requirements.[1]  See N.C. Gen. Stat. § 90-21.11(2)(a) (defining a medical malpractice action to include "[a] civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider").  The complaint contains no assertions to suggest that Dr. Dodd's medical care and available records have been reviewed by anyone who is expected to qualify as an expert witness nor do any of the factual allegations support application of the doctrine of res ipsa loquitur.  As such, plaintiff's claims for negligence and breach of standard of care must be dismissed.

Defendants' motion to dismiss is ALLOWED, and plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to properly effect service, to show capacity to bring this

---

[1] Arguably, the battery claim, which is based on the alleged failure to perform doctor's orders and noncompliance with Dr. Dodd's advanced directive, is also subject to Rule 9(j).  See Higginbotham v. D'Amico, 741 S.E.2d 668, 673 (N.C. Ct. App. 2013) (recognizing assault and battery claim where a medical procedure is completely unauthorized, but where the procedure is authorized but risks are not disclosed, the claim sounds in negligence, i.e., malpractice).  Given the other grounds for dismissal, the court finds it unnecessary to resolve the issue.

3

Case 2:13-cv-00012-BR   Document 22   Filed 08/20/13   Page 3 of 4

action, and to comply with North Carolina Rule of Civil Procedure 9(j) as to her claims for negligence and breach of standard of care. The Clerk is DIRECTED to close this case.

This 20 August 2013.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge